UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KELSEY SCHIER,<br><br>    Plaintiff,<br><br>v.<br><br>ARTURO ONESTO, *Oregon State Police Officer, in his individual and official capacity*; LAURA CROMWELL, *Judicial Officer, in her individual and official capacity*; STATE OF OREGON; CIRCUIT COURT OF JACKSON COUNTY, OREGON,<br><br>    Defendants. | Case No. 1:25-cv-00009-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

    Self-represented Plaintiff, Kelsey Schier, filed this lawsuit in January 2025 against Oregon State Police Officer, Arturo Onesto; Judge Laura Cromwell; the State of Oregon; and the Circuit Court of Jackson County, Oregon. Compl., ECF No. 1. Currently before this Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. *See* ECF No. 25. For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

    On or about February 11, 2023, Officer Onesto conducted a traffic stop and cited Plaintiff for driving while his driving privileges were suspended or revoked, driving while uninsured, and failing to display license plates. Pl.'s Am. Compl. 6, ECF No. 21. After citing Plaintiff for traffic

violations, Officer Onesto ordered the impoundment of Plaintiff's vehicle. *Id.* Plaintiff admits that he did not have a license and that his vehicle was not registered with the state at the time of the traffic stop. *Id.*

Judge Cromwell presided over Plaintiff's traffic citations in Jackson County Circuit Court.[1] *Id.* at 7–9. Plaintiff moved to challenge the court's jurisdiction and the legality of the traffic citations, and Judge Cromwell denied Plaintiff's motion. *Id.* at 7. Plaintiff requested that the Jackson County Circuit Court provide "responsive records [of] the court's charter, jurisdictional bonding, oath of office, or lawful authority to adjudicate[.]" *Id.* On March 13, 2023, the court administrator responded that it did not have responsive records for Plaintiff's requests. *Id.*; Pl.'s Am. Compl. Annex A.

Plaintiff asserts four claims in his Amended Complaint. *Id.* at 7–8. First, Plaintiff asserts an "absence of legislative authority" for Oregon's Vehicle Code to apply to "living, breathing men and women traveling privately and non-commercially" and a violation of his rights under the Due Process and Equal Protection Clauses. *Id.* Second, Plaintiff asserts that the actions of Officer Onesto and Judge Cromwell are legally void under 42 U.S.C. § 1983 because Defendants did not produce "lawful oaths or jurisdictional authority, despite being formally challenged." *Id.* at 8. Third, Plaintiff asserts that the impoundment of his vehicle amounts to an "unlawful seizure and deprivation of property" because the vehicle was impounded without "a warrant, probable cause, or jurisdiction." *Id.* at 6, 8. Lastly, Plaintiff asserts a "violation of [his] right to travel" under the Privileges and Immunities Clause. *Id.* at 7–8.

---

[1] The Court takes judicial notice of Oregon Uniform Citation and Complaint 2110700880, Jackson County Circuit Court case number SP23041446, under Federal Rule of Evidence 201. *See, e.g.*, *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (citations omitted).

Plaintiff seeks compensatory and punitive damages in the amount of $1,450,800, plus costs, against Defendants Officer Onesto and Judge Cromwell in their individual capacities. *Id.* at 10. Additionally, Plaintiff seeks declaratory and injunctive relief "[a]gainst [s]tate and [i]nstitutional [c]ontexts." *Id.*

## DISCUSSION

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. Additionally, Defendants contend that under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Because the Court finds that it lacks subject matter jurisdiction, it does not reach Defendants' arguments under Rule 12(b)(6).

**I.      Standard of Review**

A motion to dismiss under Rule 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). Courts must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

Pursuant to the *Rooker-Feldman*[2] doctrine, federal courts lack jurisdiction to hear cases that amount to collateral attacks on state court judgments. The basic premise of that doctrine is that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Instead, the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Id.*; *see* 28 U.S.C. § 1257.

The scope of the *Rooker-Feldman* doctrine includes *de facto* appeals from a state court decision and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. This rule also applies to constitutional claims under Section 1983. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986). A claim is inextricably intertwined with a state court judgment if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it. *Doe & Assocs. Law Offs. v. Napolitano*, 252 F.3d 1026, 1029–30 (9th Cir. 2001). A claim is also "inextricably intertwined where the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quotation marks omitted).

## II.    Analysis

Defendants contend, and the Court agrees, that the Court lacks subject matter jurisdiction over Plaintiff's claims because they are barred by the *Rooker-Feldman* doctrine.

Judge Laura Cromwell convicted Plaintiff of the traffic violations cited by Officer Onesto, Or. Rev. Stat. §§ 811.175, 806.010, and 803.540. Plaintiff asserts that his convictions were erroneous for two reasons: first, because the traffic violations do not apply to him as a

---

[2] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

"living, breathing m[an] . . . traveling privately and non-commercially"; and second, because Officer Onesto did not have legal authority to issue the citations and Judge Cromwell did not have legal authority to convict Plaintiff, due to Defendants' failure to produce "lawful oath[s] or jurisdictional authority." Pl.'s Am. Compl. 8. This assertion seeks to appeal Judge Cromwell's judgment that Plaintiff was properly cited and therefore convicted for the traffic violations. This claim is therefore barred pursuant to *Rooker-Feldman*.

Next, Plaintiff asserts a Section 1983 claim for civil damages associated with Officer Onesto's impoundment of Plaintiff's vehicle. Plaintiff contends that Officer Onesto did not have legal authority to impound his vehicle due to Officer Onesto's failure to produce "a lawful oath" and for lack of probable cause. *Id.* Per Or. Rev. Stat. § 809.720(1), a police officer may impound a car where there is probable cause to believe that a person is driving without insurance, without a driver's license, or without driving privileges. Plaintiff admits that he did not have a license or vehicle registration at the time of the traffic stop. *Id.* at 6. A finding to the contrary would necessarily imply the invalidity of Plaintiff's conviction for driving without insurance, without a license, and without driving privileges—an inextricably intertwined issue that amounts to a *de facto* appeal of the state court judgment. Thus, Plaintiff's Section 1983 claim is barred by *Rooker-Feldman*.

Lastly, Plaintiff asserts a "violation of [his] right to travel" under the Privileges and Immunities Clause. *Id.* at 7–8. To the extent that Plaintiff's alleged constitutional violation is a cognizable claim, it too is "inextricably intertwined where the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper*, 704 F.3d at 779. Plaintiff's assertion of a constitutional "right to travel," which would immunize him from

traffic laws, would invalidate the state court's decision to convict Plaintiff for the traffic violations. Accordingly, this claim is also barred by *Rooker-Feldman*.

Because this Court lacks subject matter jurisdiction, Plaintiff's claims must be dismissed. The Court disallows leave to amend because, based on the above, "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quotation marks and citation omitted).

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 25) is GRANTED. Plaintiff's Amended Complaint is DISMISSED without leave to amend.

DATED this 23rd day of October 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge